UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FITZROY A. GEORGE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-429** |
| | * | |
| **ATLANTIC RO-RO CARRIERS OF TEXAS, INC., ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment (Rec. Doc. No. 18) filed by the Defendants. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is denied.

**I. BACKGROUND AND PRESENT MOTION**

This case arises out of injuries allegedly sustained by Plaintiff Fitzroy George on March 8, 2010. Plaintiff avers that on that day, he was working onboard the M/V Atlantic Runner, a vessel owned/operated by Defendants Atlantic Ro-Ro Carriers of Texas, Inc. and CSAL Canada-States-Africa-Line, Inc. while it was at the Alabo Street Wharf in New Orleans. Plaintiff alleges that a crane operator negligently dropped steel pipes upon him, causing severe injuries to his right foot.

In January 2011, Plaintiff filed suit against Defendants in state court, seeking recovery under the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b), and under the general maritime law. In February 2011, Defendants removed the suit to this Court. In their answer, they have denied liability. In June 2011, Dallas National Insurance Company intervened in this matter. Intervenor has paid Plaintiff's medical expenses and seek to recoup those payments via subrogation.

1

Defendants Atlantic Ro-Ro Carriers of Texas, Inc., and CSAL Canada-States-Africa-Line, Inc., have filed a Motion for Summary Judgment. In it, Defendants assert that Plaintiff is unable to fully satisfy the elements of a longshore personal injury action brought pursuant to § 905(b) of the LHWCA. First, Defendants argue that there is no evidence that the ship's crew was in active control of cargo operations when Plaintiff was injured, and therefore the "active control duty" is not applicable to this case. Second, Defendants argue that there is no evidence that the vessel owner had actual knowledge of the alleged unsafe condition or knowledge that the Plaintiff was continuing work improvidently, so the "intervention duty" is not at issue in this case.

Finally, Defendants contend that, based on Plaintiff's allegations, Defendants cannot be found liable for breach of the "turnover duty." Defendants note that a vessel owner may only be held responsible for accidents caused by hazards "not known by the stevedore" -- that is, conditions that are not "open and obvious." Defendants argue that, based on Plaintiff's deposition testimony and that of crane operator Thomas Stanton, the condition that Plaintiff alleges caused his injury was open and obvious. Therefore, Defendants assert that they are entitled to summary judgment in this personal injury action.

Both Plaintiff and Intervenor Dallas National Insurance Company oppose this motion. In his opposition to the motion, Plaintiff argues that the "turnover duty" is applicable to this case and that the crane in his hold was defective, as evidenced by the testimony of Mr. Stanton, the crane operator. Furthermore, he argues that although Mr. Stanton was aware of a problem with the crane's functioning, the particular issue, as well as the extent of the circumstances, were not "open and obvious" to him or to the stevedores unloading the hold. In support of this allegation,

Plaintiff points to the deposition testimony of Hank Hart and Willie Williams, in which they stated that no crane malfunctions occurred on the date of the incident, and the deposition testimony of Mr. Stanton, in which he stated that he felt "comfortable" going forward with the job following his check of the crane that morning. In addition, Plaintiff states that although the crew had had to perform maintenance operations on the crane that morning, he did not inform his superiors of these issues because he believed that they already knew of the conditions and had performed all the necessary repairs.

Finally, Plaintiff argues that even if the crane defects were open and obvious, no reasonable alternative existed for him. In his deposition testimony, Plaintiff stated that had any longshoreman refused to use the crane to perform the cargo operations, they would have been fired. Because of this pressure on the longshoreman, Plaintiff argues, he had no reasonable alternative to continuing work despite any defect he may have noticed in the crane.

In its opposition, Intervenor Dallas National Insurance Company asserts that summary judgment is inappropriate, making substantially similar arguments to those asserted by Plaintiff. In sum, Dallas National opposes summary judgment because it contends that questions of fact remain regarding (1) the nature of the crane's malfunction, (2) whether the shipowner had actual knowledge of the defect in the crane that caused the malfunction, (3) whether the malfunction was apparent to the stevedores prior to the accident, (4) whether the stevedores were reasonable in their operation of the crane, and (5) whether the shipowner had a duty to intervene in cargo operations.

In addition, Dallas National asserts that it issued discovery to Defendants specifically requesting production of the crane's maintenance records as well as port logs for the cargo

3

operations prior to and following the stop in New Orleans, where the incident occurred. Dallas National contends that these records may reveal additional problems with this crane, and is key to the issues in dispute in this litigation -- specifically, the condition of the crane and the shipowner's knowledge of the condition. Dallas National argues that Defendants have not responded to these requests and should not benefit from such conduct by this Court's granting their motion for summary judgment.

Finally, Dallas National argues that this motion is untimely, as the Court's scheduling order called for all pretrial motions to be filed in time to permit submission by December 14, 2011. Because this motion was filed on December 13, 2011, and Defendants have not shown good cause for late filing, Dallas National argues that the motion should be deemed waived.

## III.  LAW AND ANALYSIS

### A. Standard of Review

A district court can grant a motion for summary judgment only when the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

## B. Analysis

Under § 905(b) of the Longshore and Harbor Worker's Compensation Act, a stevedore is permitted to bring suit against a vessel in the event of injury caused by the negligence of the vessel. 33 U.S.C. § 905(b). The Supreme Court outlined three duties shipowners owe to longshoreman in *Scindia Nagivation Co. v. De Los Santos*, 451 U.S. 156, 167 (1981): (1) the "turnover duty," relating to the condition of the ship upon the commencement of stevedoring operations; (2) the duty to prevent injuries to longshoreman in areas remaining under the "active control" of the vessel; and (3) the "duty to intervene." *Id.*; *see also Howlett v. Birkdale Shipping Co.,* 512 U.S. 92, 98 (1994). The "turnover duty", which the Plaintiff alleges is at issue in this case, requires a vessel to exercise "ordinary care under the circumstances" to turn over the ship and its equipment "in such a condition that an expert and experienced stevedoring contractor, mindful of the dangers he should reasonably expect to encounter . . . will be able by the exercise of ordinary care" to carry on cargo operations "with reasonable safety to persons and property." *Howlett*, 512 U.S. at 98 (quoting *Federal Marine Terminals, Inc. v. Bumside Shipping Co.*, 394 U.S. 404, 416-17 (1969)). This duty also requires shipowners to "warn the stevedores of any

5

hidden dangers of which the ship is, or should be, aware." *Scindia*, 451 U.S. at 167.

By extension, an exception to this "turnover duty" exists if the defect causing the injury to the longshoreman is "open and obvious." The Fifth Circuit has held that if the longshoreman knew of the defect, it is considered open and obvious. *Pimental v. Ltd Canadian Pacific Bul*, 965 F.2d 13, 16 (5th Cir. 1992). However, this exception does not apply if the longshoreman's only alternative to facing the hazard is unduly impracticable or time-consuming. *Id.*; *Treadaway v. Societe Anonyme Louis-Dreyfus*, 894 F.2d 161, 167 (5th Cir. 1990).

In this case, the parties' have submitted divergent theories regarding the stevedores' knowledge and responsibilities on March 8, 2010. On one hand, Plaintiff and Intervenor assert that although the stevedores performed maintenance work on the crane that day, the deposition testimony establishes that Plaintiff could not have been aware of the problem with the crane hydraulics that he alleges caused his injury. Plaintiff and Intervenor argue that their theory is supported by: (1) Plaintiff's testimony that he was unaware of any defect with the hydraulics; (2) the testimony of Plaintiff's superiors, Mr. Hart and Mr. Williams, that no crane malfunctions occurred the day of the accident; and (3) the testimony of Mr. Stanton that the job was "going fine" and he felt "comfortable" going forward with it. Plaintiff also states that he believed that his superiors had already performed any necessary repairs on the crane, and therefore he did not believe that it was necessary to attempt to shut down the work site. As a result, Plaintiff argues that the defect that caused his injury was not "open and obvious," and the vessel is liable for its breach of the turnover duty.

Defendants, on the other hand, assert that if the crane was suffering from any defect, the evidence establishes that Plaintiff was aware of the issue. Defendants argue that Plaintiff's

testimony that he witnessed issues with the crane earlier in the day, and Mr. Stanton's testimony that he noticed the that the crane hydraulics would occasionally "leak" supports their assertion that Plaintiff knew, or should have known, of the crane's defect. Furthermore, Defendants note that Mr. Stanton's deposition testimony about the crane defect is inconsistent with statements he filed the day of the accident, in which he blamed the accident on the longshoremen. As a result, Defendants argue, the defect was "open and obvious," and the vessel is not liable for Plaintiff's injuries.

As evidenced by the differing accounts of the events of March 8, 2010, multiple issues of fact exist in this case. Which of the two interpretations of the deposition testimony is true, and whether that interpretation satisfies the "open and obvious" exception to vessel liability, are both questions of fact for a jury to decide. As a result, Defendant's Motion for Summary Judgment is inappropriate and must be denied.[1]

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 18) filed by the Defendants is hereby **DENIED**.

New Orleans, Louisiana, this 5th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Because the motion may be denied based on the questions of fact surrounding the "open and obvious" issue, the Court need not reach the "reasonable alternative" issue or Intervenor's argument that the motion should be waived because it is untimely.